70 F.3d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel B. FITZGERALD, Defendant-Appellant.
 No. 94-10475.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 17, 1995.
Decided Nov. 6, 1995.
 
 Before: SKOPIL, PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Daniel B. Fitzgerald appeals his jury conviction and sentence imposed under the Sentencing Guidelines for conspiracy to distribute and possess and attempt to distribute cocaine in violation of 21 U.S.C. Sec. 846. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Defense counsel's reference to Fitzgerald as a "minnow" in the conspiracy when his theory of defense was that he was "merely present" was not ineffective assistance of counsel. The "minnow" reference was obviously a legitimate attempt by counsel to rebuke the government's theory. We can therefore reasonably infer that the remark was part of a trial strategy, and as such, was not "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984).
 
 
 4
 The government witness's testimony, given in response to an open-ended question asked by defense counsel during cross-examination, indicated only that four other people had been present during Fitzgerald's interrogation. This statement, taken in context, did not constitute vouching.
 
 
 5
 The jury instructions, viewed in their entirety, covered Fitzgerald's "mere presence" theory of defense. Therefore, Fitzgerald's contention that the court should have offered some other "mere presence" jury instruction sua sponte is not persuasive.
 
 
 6
 We reject Fitzgerald's contention that the district court erred in calculating his offense level based on four kilograms of cocaine. Fitzgerald failed to object to the presentence report or to protest the court's sentencing determination, thereby limiting our review to plain error. There was no plain error. The district court was entitled to rely on the undisputed information in the presentence report that there was an agreement to deliver four kilograms of cocaine. Moreover, the fact that none was actually delivered is not relevant to sentencing. A conviction for conspiracy does not require that the defendant be in actual possession of drugs when he or she is arrested.
 
 
 7
 The issue of sentence factor manipulation, or sentencing entrapment, was raised for the first time in Appellant's reply brief. The issue was therefore waived and we do not consider it.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3